[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 20, 2011
JOHN LEY
CLERK

No. 11-10519
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22112-AJ

MARC PIZARRO,
and all others similary situated under 29 USC 216(B),

Plaintiff–Appellant,

versus

VIDA CAFE, LLC,
d.b.a. Mamajuana Cafe,
EDUARDO CRUZ,
VICTOR OSORIO,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 20, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Marc Pizarro appeals from the district court's order denying his motion for reconisderation of the district court's sua sponte dismissal of his claims against Victor Osorio for failure to timely effect service.

Pizarro filed a Fair Labor Standards Act claim against his former employers and obtained a default judgment against two of them. But the district court also dismissed the claims against Osorio for failure to timely effect service. Pizarro then filed a motion for reconsideration in which he said that he had timely served Osorio. Pizarro attached a copy of the return of service to that motion. On the return the process server checked a box to indicate that he had personally served the defendant, but wrote in a blank on the form that he had served the defendant at "c/o Mamajuana Cafe, 247 Dyckman Street New York, NY." The district court granted Pizarro's motion for reconsideration and reinstated the case and ordered Osorio to respond to the complaint by December 20, 2010.

Shortly thereafter, the district court sua sponte dismissed the case against Osorio for failure to properly effect service because it believed that Pizarro had "served" Osorio by leaving the summons and complaint in the care of the Mamajuana Cafe, which would be insufficient under Federal Rule of Civil Procedure 4(e).

Pizarro once more moved for reconsideration arguing that although the

return said that Osorio had been served "c/o Mamajuana Cafe," the process server had in fact personally served Osorio. Pizarro also said that he was attaching a copy of the process server's supplementary affidavit to the motion and that he would file the original with the court as soon as he received it in the mail. The copy filed with the motion was blank, but the day after the motion was filed Pizarro filed a signed and notarized copy of the process server's supplementary affidavit, which said that Osorio had been personally served.

Two days after the supplementary affidavit was filed, the district court denied Pizarro's motion for reconsideration. In its order, the district court referenced the unsigned affidavit but did not mention the signed affidavit that Pizarro had filed. So once more Pizarro filed a motion for reconsideration as well as a notice of appeal.

We review an order denying a motion for reconsideration for abuse of discretion. *Equity Investment Partners, LP v. Lenz*, 594 F.3d 1337, 1342 (11th Cir. 2010). A district court abuses its discretion when its decision is based on clearly erroneous factual findings. *Goodman-Gable-Gould Co. v. Tiara Condominium Ass'n*, 595 F.3d 1203, 1210 (11th Cir. 2010). Based on the signed affidavit that was filed in support of Pizarro's second motion for reconsideration (and referenced in that motion), it appears that service was properly made on the

3

defendant and that the district court abused its discretion by basing its decision on a clearly erroneous factual finding. Accordingly, we reverse and remand.

**REVERSED and REMANDED.**